# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAQUINTA R. WOODS, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-13-313-FHS-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
|         Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Jaquinta R. Woods requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the decision of the Commissioner should be REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born January 4, 1969, and was forty-three years old at the time of the administrative hearing (Tr. 33, 140). She completed the twelfth grade, and has no past relevant work (Tr. 23, 160). The claimant alleges that she has been unable to work since April 2, 2010, due to scoliosis, depression, and blindness in her left eye (Tr. 159-160).

## Procedural History

On April 6, 2009, the claimant applied for benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Osly F. Deramus conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated January 20, 2012 (Tr. 8-25). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a limited range of light work, *i. e.*, she could lift/carry twenty pounds occasionally and ten pounds frequently, and sit/stand/walk six hours in an eight-hour workday, limited to occasional stooping, crouching, crawling, kneeling, balancing, and climbing stairs, but no climbing

ladders (Tr. 14). The claimant could understand, remember, and carry out simple and some detailed tasks, sustain concentration and persistence for up extended periods, and interact appropriately with supervisors, peers, and the public (Tr. 14). The ALJ also noted that if the claimant could perform light work, she could also perform sedentary work (Tr. 14). The ALJ then concluded that although the claimant had no past relevant work to return to, she was nevertheless not disabled because there was other work she could perform work in the regional and national economies, *i. e.*, printed product assembler (Tr. 24).

## Review

The claimant contends that the ALJ erred: (i) by finding she can perform light work despite evidence to the contrary, and (ii) by failing to properly evaluate medical evidence, in particular the opinion of state agency physician Dr. Kenneth Wainner. Because the ALJ did fail to properly analyze Dr. Wainner's opinion, the decision of the Commissioner should be reversed.

The ALJ found that the claimant's Herrington rod placement with persistent scoliosis, depressive disorder, and generalized anxiety disorder were severe impairments (Tr. 10). The medical evidence relevant to this appeal indicates that on September 14, 2010, Dr. Wainner reviewed the claimant's medical record for the purpose of preparing a physical RFC assessment (Tr. 250-257). He checked boxes indicating that the claimant could lift/carry twenty pounds occasionally and ten pounds frequently, but that she could only stand/walk two hours in an eight-hour workday and sit six hours (Tr. 251). In a further notation, Dr. Wainner stated that the claimant could perform any combination of

standing and/or walking for a maximum of two to four hours in an eight-hour workday, and that she could sit six to eight hours (Tr. 251). He imposed the additional limitations of occasionally climbing, balancing, stooping, crouching, and crawling, but frequently kneeling (Tr. 252). On June 25, 2010, state agency physician William Cooper, D.O., examined the claimant for the purpose of preparing an assessment of her physical condition (Tr. 227-234). He noted her reports of congenital scoliosis, left-eye blindness, anxiety, and depression. Upon examination, she had pain with range of motion testing of the left shoulder, 5/5 grip strength, and he noted a scoliotic curve involving the thoracic and lumbar spine with the apex on the right with a thirty-degree curve (Tr. 227-229). Additionally, he noted that her right posterior ribs protrude posteriorly, she has no range of motion to the lumbar spine secondary to the rods, and that the lumbar-sacral spine has pain with zero degrees range of motion in flexion, extension, and left and right bending associated with tenderness to palpation bilaterally (Tr. 229). Dr. Cooper then assessed the claimant with scoliosis status post Herrington rod placement with persistent scoliosis, left eye blindness with light perception only, major depression, generalized anxiety, and chronic upper and lower back pain (Tr. 229).

In his written opinion, the ALJ extensively summarized the claimant's testimony and her medical records. In discussing the opinion evidence, the ALJ thoroughly summarized Dr. Cooper's report but failed to provide any analysis or assign any weight with regard to his assessment (Tr. 15-24). He then gave great weight to Dr. Wainner's opinion as being "fully supported by and consistent with the medical evidence of record as a whole" (Tr. 21), but modified the limitations to include only occasional kneeling and

never climbing ladders, based on the claimant's subjective complaints and the medical evidence (Tr. 21).

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors are: (i) the length of treatment relationship and frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). The ALJ gave great weight to Dr. Wainner's opinion but rejected some of the limitations he opined were applicable to the claimant, *e. g.*, limitations in her ability to stand and walk during an eight-hour workday. The ALJ did not, however, provide any explanation for such rejection. *See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing*

*Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin*, 365 F.3d at 1219 (10th Cir. 2004). *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'"). This was a significant omission in this case because the ability to stand and/or walk for up to six hours in an eight-hour workday is a basic requirement for performing light work. In any event, it was clearly error for the ALJ to reject part of the opinions he gave great weight without explaining why. *See Martinez v. Astrue*, 422 Fed. Appx. 719, 725 (10th Cir. 2011) ("To be sure, the ALJ may have had his reasons for giving portions of Dr. LaGrand's opinion 'great weight,' but then disregarding other, probative portions of her opinion. However, before doing so, the ALJ was required to discuss why he ignored this evidence.") [internal citations omitted].

Because the ALJ failed to properly evaluate the opinions of Dr. Wainner and Dr. Cooper, the decision of the Commissioner should be reversed and the case remanded for further analysis by the ALJ. If this results in adjustments to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand

the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 10th day of September, 2014.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**